UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HENRY PERRY SIRECI,

    Petitioner,

v.                                             CASE NO. 6:02-cv-1160-Orl-35KRS

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

This case is before the Court on the following matters:

1. Petitioner is seeking an Application for Certificate of Appealability (Doc. No. 65, filed August 26, 2009). Pursuant to 28 U.S.C. § 2253, an application for a certificate of appealability may only be granted upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). While issuance of a certificate of appealability does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for Petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). When a constitutional claim is denied on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its

procedural ruling. *Id*.; *Gordon v. Sec'y, Dep't. of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007).

This Court finds that jurists of reason could find it debatable that the denial of claim one was correct. Thus, the application for a certificate of appealability (Doc. No. 65) is **GRANTED** regarding whether the prosecutor and the state court violated Petitioner's constitutional rights when (1) the prosecutor asked a question from which the jury could have deduced that Petitioner had been sentenced to death previously, (2) the state court subsequently denied a motion for mistrial on that basis, and (3) the state court denied Petitioner's motion to interview the jurors regarding the impact the prosecutor's statement had on the jury's deliberations. Petitioner's application for certificate of appealability is **DENIED** as to all other claims.

2. Petitioner's Motion for Leave to Appeal *In Forma Pauperis* and for *Nunc Pro Tunc* Appointment of Counsel (Doc. No. 66, filed September 4, 2009) is **GRANTED**. In light of the Court's determination to grant Petitioner a certificate of appealability as to claim one, pursuant to Federal Rule of Appellate Procedure 24(a), Petitioner has made a substantial showing of the deprivation of a federal constitutional right. Thus, Petitioner is entitled to appeal as a pauper.

Likewise, the Court finds that Petitioner is entitled to the appointment of counsel pursuant to 18 U.S.C. § 3599. *See McFarland v. Scott*, 512 U.S. 849 (1994). The Court further finds that Marie-Louise Samuels Parmer of the Capital Collateral Regional Counsel - Middle ("CCRC-M") is well qualified under the applicable provisions to undertake representation of Petitioner. *See* 18 U.S.C. § 3599(a)-(c); Volume VII, Guide to Judiciary

Policies and Procedures, Chapter VI § 6.01. Alternatively, the Court finds good cause pursuant to § 3599(d) to appoint Ms. Parmer because she has handled numerous capital cases.

It appears that Ms. Parmer is not a Criminal Justice Act ("CJA") Panel attorney for the Middle District of Florida. In the interests of justice and judicial economy, Ms. Parmer will be admitted to the CJA panel *pro hac vice* and will be appointed to represent Petitioner. *See* Volume VII, Guide to Judiciary Policies and Procedures, Chapter II § 2.01(D). Her qualifications satisfy the requirements for admission to the District's CJA panel in the ordinary course of panel selection. *See id*.; *see also* Public Notice Concerning CJA Panel Membership, United States District Court, Middle District of Florida.

Ms. Parmer is hereby admitted to the CJA panel *pro hac vice* and is appointed to represent Petitioner pursuant to 18 U.S.C. § 3006A and 18 U.S.C. § 3599. The appointment is effective as of July 15, 2005. Petitioner must apply and receive authorization from the Court for all expenses that have been incurred and before incurring any further expenses.

3. The appropriate Criminal Justice Act form - a CJA-30 form ("Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel") - shall issue with this Order.[1] Claims for compensation and reimbursement of expenses for attorneys furnishing services in death penalty proceedings should be submitted on this CJA form.

4. Counsel for Petitioner shall, within **THIRTY (30) DAYS** from the date of this Order, submit a proposed litigation budget for Court approval. *See* Volume VII, Guide to

---

[1] Petitioner should not file this form until after the Court determines what the appropriate hourly rate of compensation should be.

Judiciary Policies and Procedures, Chapter VI § 6.02(F). This proposed budget shall be submitted *ex parte* and be filed and maintained under seal. The proposed budget shall include all matters affecting counsel compensation and reimbursement and payments for investigative, expert, and other services. Counsel shall also include a proposed hourly rate at which counsel should be compensated in this action. The proposed budget shall include an estimate of the cost of all services to be provided by counsel, expert(s), investigator(s), or others for the entire case. After the proposed budget is submitted, the Court will determine whether a conference is necessary to reach an agreement on a litigation budget.

5. Petitioner may submit an application to obtain investigative, expert, or other services pursuant to 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3599(f), (g)(2). Any application for investigative and expert fees must include the hourly rate of the party and the estimate of the total cost of such services.

6. The appropriate federal Criminal Justice Act form -- a CJA-31 ("Death Penalty Proceedings: *Ex Parte* Request for Authorization and Voucher for Expert and Other Services") -- shall issue to counsel simultaneously herewith. Claims for compensation and reimbursement of expenses for investigative, expert, or other services should be submitted on this CJA form.

**DONE AND ORDERED** in Orlando, Florida, this 15th day of October 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sc 10/15
Counsel of Record